# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

JAMES NATHAN JOHNSON,        )
                                         )
            Petitioner,        )
                                         )
     vs.                      )     Case No. 13-1189-CV-W-DW-P
                                         )
LARRY DENNEY,              )
                                         )
            Respondent.    )

### OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS, AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, James Johnson, filed this <u>pro se</u> habeas corpus petition pursuant to 28 U.S.C. § 2254 on November 19, 2013, seeking to challenge his 2008 conviction and sentence for second-degree murder, which was entered in the Circuit Court of Jackson County, Missouri, after petitioner pled guilty to the offense.

The petition raises one ground for relief; that his original law firm had a conflict of interest. Respondent contends that this claim is meritless.

### FACTUAL BACKGROUND

The Missouri Court of Appeals summarized the facts as follows:

> [Petitioner] took his gun and a gang to the victim's home, killed him, and was charged with first-degree murder and ACA. He was first represented by Don Sotta, who passed away, and thereafter by Bob Briggs of the same office. [Petitioner] then dismissed Briggs and hired Springfield lawyers in October 2007. In July 2008, on the eve of the trial, [petitioner] pleaded guilty to a reduced charge and was sentenced to 20 years.

> Later, [petitioner] sought Rule 24.035 relief, alleging in part that he had not known that Sotta and Briggs practiced with a lawyer then married to an assistant prosecutor. According to [petitioner], this amounted to a conflict of interest. After an evidentiary hearing where [petitioner] offered only his own deposition testimony, the motion court denied relief.

(Doc. No. 6, Respondent's exhibit F, pp. 1-2).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## CONFLICT OF INTEREST

In petitioner's sole claim, he asserts that his original trial counsel's law firm had a conflict of interest because one of the attorneys in that firm was married to the assistant prosecuting attorney assigned to petitioner's case. (Doc. No. 1, p. 5). Respondent contends that this claim is meritless.

To establish a claim of ineffective assistance of counsel based on alleged conflict of interest, a petitioner must demonstrate that the conflict of interest adversely affected counsel's performance. Mickens v. Taylor, 535 U.S. 162, 172-73 (2002). "To establish that there was a conflict in representation," petitioner must show that "the conflict caused the attorney's choice to engage or not to engage in particular conduct." Winfield v. Roper, 460 F.3d 1026, 1039 (8th Cir. 2006) (quoting Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)), cert. denied, 550 U.S. 939 (2007). "Such a showing requires the defendant to identify a plausible alternative defense strategy or

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

tactic that defense counsel might have pursued, show that the alternative strategy was objectively reasonable under the facts of the case, and establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict." Id. (internal quotations and citations omitted).

Here, petitioner offers an alleged conflict of interest with his first set of attorneys, and provides no evidence of any impact that such conflict had on either the original attorneys or the attorneys that represented petitioner at the time of the scheduled trial and his plea. Petitioner asserts that an attorney at his original law firm was married to the assistant prosecutor, and because of this marriage there was a conflict of interest, as a result of information that could have been shared between them. However, petitioner's accusations, based on a speculated scenario, are insufficient to establish that there was a conflict in representation.

In affirming the trial court's denial of petitioner's Rule 24.035 motion, the Missouri Court of Appeals held as follows:

> [Petitioner's] claims, both here and below, could properly be rejected on several grounds. We need only note one. The motion court found and concluded as follows:
>
>> In this case [petitioner] really raises only one issue. It is a vague accusation of some sort of a conflict of interest. The following is from page 11 of the transcript of [petitioner's] deposition: "That because of the relationship between Gayle Crane and Mr. Podleski that it was like pillow talk. I tell Gayle Crane or her law firm something, and she goes and relays it back to Mr. Podleski and he relays it up the food chain to the prosecutor's office." No evidence was offered to show that any such conversations took place or that [petitioner] was in any way prejudiced. The court finds that [petitioner] has failed to prove this allegation by a preponderance of the evidence. In addition [petitioner's] deposition contains other allegations, which were not raised in this motion, which call into question the reliability of his testimony.

We determine only whether the motion court thus clearly erred. <u>See</u> Rule 24.035(k). We presume otherwise and will reverse only if we definitely and firmly conclude that a mistake was made. <u>See</u> <u>Dobbs v.</u> <u>State</u>, 284 S.W.3d 201, 205 (Mo.App. 2009).

[Petitioner's] IAC claim was based upon conflict of interest, so he had to show that an "actual conflict of interest affected counsel's performance"; *i.e.*, that something was done by counsel, or that something was forgone by counsel and lost to [petitioner], detrimental to [petitioner's] interests and advantageous to another. <u>Id</u>. He offers no plausible argument for either of these or other clear error. His assertion that while there may be "no evidence that any confidences has been disclosed, or that appellant was prejudiced … [t]here was no evidence to the contrary either," ignores his burden of proof and our standard of review.

(Doc. No. 6, Respondent's exhibit F, pp. 2-3) (emphasis in original).

The resolution of this claim by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000).[2]   Ground 1 will be denied.

## <u>CERTIFICATE OF APPEALABILITY</u>

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy

---

[2]According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 413, 120 S.Ct. at 1523.

this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is denied; the issuance of a certificate of appealability is denied; and this case is dismissed with prejudice.


 /s/ Dean Whipple
DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: February 13, 2015.